## East Penn School District v. East Penn Education Association

*Howard Yarus*, for plaintiff.

*Joseph L. Rosenfeld* and *Richard H. Pepper*, for defendant.

*William J. Atkinson* and *Thomas M. Levinson*, Deputy Attorneys General, for intervenors.

*John E. Roberts*, Guardian ad Litem for East Penn School District students.

460

WIEAND, J., February 12, 1976 — On December 13, 1975, this court entered an order which enjoined any further strike or work stoppage of teachers and professional employes in the East Penn School District during the 1975-1976 school year. The East Penn Education Association, which is the bargaining unit for the teachers, filed an appeal from that order to the Commonwealth Court, which appeal is now pending.

An application for supersedeas and vacation of the injunction was made to the Commonwealth Court and refused on January 20, 1976. That court's order, however, was entered without prejudice to the right of the teachers' association to request a supersedeas from the Court of Common Pleas of Lehigh County. A petition containing such a request has now been filed. This court has been asked to set the amount of bond sufficient to permit defendants' appeal to the Commonwealth Court to act as a supersedeas to the injunction entered on December 13, 1975. The teachers' request is opposed by the East Penn School District, as well as by the Attorney General and the Secretary of Education, who were permitted to intervene prior to the granting of the injunction. A hearing was held on February 3, 1976, at which none of the parties offered evidence.

The Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, sec. 506(b), 17 P.S. §211.506, provides: "An appeal to an appellate court in a civil matter shall operate as a supersedeas as now or hereafter provided by act of the General Assembly or general rule."

The Act of May 19, 1897, P.L. 67, sec. 9, 12 P.S.

§1142, which is relied upon by the teachers, provides: "An appeal from an order or decree granting an injunction, or relief in the nature thereof, shall operate as a supersedeas if the appellant gives bond with sufficient surety or sureties, in such sum as the court below shall direct, conditioned that the appeal be prosecuted with effect, that the appellant will pay all costs accrued and likely to accrue, and will pay all damages and injuries suffered by appellees from the time of decree entered until final compliance with the order or decree entered on the appeal; *but the court below may, notwithstanding the appeal, make such order or decree as may be necessary to preserve the status quo pending the determination of the appeal.*" (Emphasis added.)

Counsel for the teachers' association contends that under this statutory provision the court has discretion only with respect to the amount of the bond. The supersedeas, he suggests, is automatic and unlimited.

We reject this argument. Instead, we concur with the cogent observation made by Judge Barbieri in Kowalski v. Shopping Cart, Inc., 62 D. & C. 2d 578 (1973), at page 583, as follows: "First, to accept defendant's contention that everything in the provision following the word 'but' is without meaning is to make sheer nonsense of an apparently vital portion of the legislature's language. Secondly, acceptance of defendant's contention that supersedeas is unlimited and automatic in injunction cases would require us to rule that the chancellor in an equity matter is powerless to abate even temporarily a continuing and harmful public course of conduct on the part of a defendant. We cannot believe that the legislature in-

tended to require that a mere appeal would automatically leave the public, if subjected to a major . . . hazard, without recourse during the time required to resolve the appellate issues."

The several courts of common pleas have been authorized by section 1003 of the Act of July 23, 1970, P.L. 563, commonly known as Act 195, 43 P.S. §1101.1003, to enjoin strikes by public employes only when "such a strike creates a clear and present danger or threat to the health, safety or welfare of the public." In view of this mandate, it would be absurd to permit an automatic supersedeas to follow an appeal by public employes. The supersedeas would, for all practical purposes, nulify the court's ability to protect and preserve the health, safety and welfare of the public, the very duty with which it has been charged by the statute. This was not what the Legislature intended. Cf. 43 P.S. §1101.1602, section 1504.

In the instant case, the strike of teachers in the East Penn School District was enjoined because its continuation had been determined to be "a clear and present danger to the community and a threat to the safety and welfare of the public." To resurrect such a danger during the pendency of the association's appeal would be intolerable. It would decimate a school year already shortened by two separate work stoppages. The damage to be caused to students and residents of the district by a third work stoppage would be catastrophic and incapable of measurement in dollars and cents. For these reasons this court must exercise the power granted by the Act of 1897, supra, to maintain the status quo. Defendants' petition will be dismissed.

## ORDER

Now, February 12, 1976, for reasons set forth in the foregoing opinion, the petition of the East Penn Education Association to set a bond amount and grant a supersedeas during the pendency of its appeal to the Commonwealth Court is denied.